UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:

MARY A. FULTON                                      Chapter 7

    Debtor.                                Bankruptcy No. 05-06803M


MEMORANDUM DECISION RE:
DEBTOR'S MOTION TO DISMISS CASE

Mary A. Fulton asks the court to dismiss her chapter 7 case. The trustee, Larry S. Eide, objects. Hearing was held March 14, 2006. Kristy A. Arzberger appeared for Fulton. Larry S. Eide appeared on his own behalf. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

Fulton filed her chapter 7 petition on October 14, 2005. She is employed as a library assistant at the Hampton Dumont Community Schools. She disclosed her net income at the time of her filing as $816.00 per month. Her estimated total monthly expenses were $3,706.30. She had a joint interest in a homestead valued at $120,000.00. She listed a secured claim against the home in the amount of $120,690.91. She scheduled personal property with an aggregate value of $23,742.11. Nearly all of her personal property interests were claimed as exempt. She scheduled priority tax debts in the amount of $85,000.00, a student loan debt in the amount of $6,161.19, and unsecured, nonpriority debts in the amount of $120,526.93.

She says that at the time she filed, her life was in turmoil. She says her late husband was suffering from mental

problems. His business had failed, and he was physically and mentally abusive toward her. Her motion states that the abuse was regular for two years before her filing. She says that she and her 15-year old daughter were suffering from these circumstances. The couple had financial problems.

Fulton decided to file for divorce. In September 2005, she contacted an attorney for that purpose. In late September, she informed her husband of her intent. She says he became enraged. In early October, while agitated, he threatened her life and his own. She arranged a consultation for him with a psychiatrist. Mr. Fulton took part, but upon hearing that hospitalization was recommended, he became furious and ran from the office. Fulton attempted to have her late husband involuntarily committed for psychiatric care, but failed in that effort.

Fulton says that on October 11, 2005, her late husband burned many of her personal belongings in a fire in their home's backyard. That day, she again sought his involuntary committal, and it was approved. She says that Mr. Fulton fled police sent to take him into custody, and he was seriously injured when his car crashed during a high speed chase. He was taken to a local hospital in Iowa Falls and then flown to University of Iowa Hospital in Iowa City.

Fulton went home and found most of her significant personal possessions had been destroyed. Fulton was concerned

2

about her financial circumstances.  With the help of her accountant, she located attorney Arzberger who agreed to help her file bankruptcy prior to October 17, 2005, the date when significant changes to the Bankruptcy Code would become effective.

On October 12, 2005, she instructed another attorney to file her dissolution petition.  The petition was filed that day.

Fulton says the couple's financial records were in disarray.  For purposes of the bankruptcy filing, she had difficulty reconstructing their financial affairs. Nonetheless the bankruptcy petition was filed October 14, 2005.

On October 17, 2005, Mr. Fulton underwent facial reconstructive surgery.  Later he was placed in the med-psychiatric unit of the hospital.  On October 19, he went into cardiac arrest.  He was revived.  On October 23, he had a seizure.  An MRI showed diffuse cortical injury.  "Family" members made the decision to remove life support (exhibit A). Mr. Fulton died on October 25, 2005.

An insurance policy on the life of Mr. Fulton has a death benefit of $160,000.00.  Mrs. Fulton is the beneficiary.  The insurance company is holding the funds pending the court's decision on the motion to dismiss.  The trustee has requested the company pay the death benefit to him.

Fulton has amended her bankruptcy schedules. She says further investigation revealed that not all of the debt which she listed on her original schedules was her debt--some of the debts were her late husband's debts only.

The amended schedules appear to be more precise. They include Fulton's interest in the death benefit. There were changes in the listing of assets, and the total value of her personal property as shown on the schedules has increased to $172,050.27. Many of the items are still claimed as exempt.

Fulton has deleted the priority tax claims, which she says were her husband's debts only. They involved withholding taxes and sales taxes from his failed business. In the amended schedules, she shows total priority and nonpriority unsecured debt as totaling $87,852.93.

Fulton asks to dismiss her case. She promises to pay her creditors from the life insurance proceeds. She says she would agree to the court overseeing the payments, so that the dismissal would take place only when payment is assured or has taken place. Fulton says she made the bankruptcy filing decision while in mental and emotional turmoil and without adequate facts. She now rues filing, and does not want to have a bankruptcy filing on her credit record. Also she says that it will cost more to pay her creditors through a bankruptcy administration, and that the cost would be less to her if she could pay them herself.

The trustee objects to dismissal.  Not including the $160,000.00 death benefit (some of which may be exempt), he has collected more than $11,000.00 of estate property.  He contends that the best way to ensure that creditors are paid from nonexempt assets is to allow the bankruptcy to proceed.

Fulton does not indicate the statutory basis for her motion.  I expect it is filed under 11 U.S.C. § 707(a) or § 305(a)(1).  The former provides that the court may dismiss a chapter 7 case for cause.  The latter provides that the court may dismiss a bankruptcy case if "the interests of creditors and the debtor would be better served by such dismissal...."

Fulton's argument, as it might rely on cause under § 707(a), is that she was in emotional turmoil when she filed, and therefore her ability to think through the implications of filing was affected.  Moreover, her financial records were in disarray, and she was unable to base her filing decision on adequate information.  Finally, she says she would be able to pay her creditors at less cost, and therefore with greater residual benefit to her, if she pays creditors from estate assets instead of the trustee paying claims.  In summary, she contends her filing was not well thought out, and she would benefit and the creditors would not be harmed, by dismissal. She offers as a condition that the court could oversee her distribution to creditors, albeit outside bankruptcy, to ensure the protection of the creditors.

To succeed on her motion, Fulton must show cause and demonstrate why dismissal is justified.  In re Turpen, 244 B.R. 431, 434 (B.A.P. 8th Cir. 2000).  Even if she shows cause, I should deny the motion if there is any showing of prejudice to creditors.  Id.  Fulton makes an effort to negate prejudice by allowing further oversight by the court of her payment of creditors.

The willingness and ability to pay one's creditors outside of bankruptcy does not constitute adequate cause for dismissal.  Id. at 434-35.  Absent court oversight of payment by Fulton, creditors are prejudiced.  They bear the risk of not being paid, a very unlikely risk in a chapter 7 case.  The method for insuring payment of creditors out of any non-exempt portion of the estate's assets is through administration under the trustee system.  Court oversight of payment by Fulton might perhaps insure more certainty of payment to creditors than would outright dismissal, but it undermines the bankruptcy system.  It requires the court to remain involved, and rely on persons outside the trustee system to comply with the rights and priorities of creditors' claims.  The more certainty that is provided to creditors under her proposal, the more the court must remain involved.  I decline to adopt any form of her proposal.  I will not adopt a quasi-bankruptcy system merely to save the debtor some administration costs.

As to Fulton's other arguments, they are not persuasive.

6

She may have been in emotional turmoil, but she had a lawyer who was retained to provide objective legal advice on the need to file and who could evaluate the adequacy of the information on which to make the filing decision.  It appears that concern over filing before the change in the Bankruptcy Code impacted debtor's decision.  That is a thoughtful consideration.  But Fulton has provided no evidence of any other exigency that would have prompted a rapid, less thoughtful decision on filing.

With regard to § 305(a), I cannot find and conclude that the interests of creditors are <u>better</u> served by dismissal. Perhaps Fulton's interests are better served, but that is not the sole test.  Applied in the disjunctive, dismissal is only proper under § 350(a) if creditors' interests also would be better served than they would be absent dismissal.  Debtor has made no showing whatsoever that this is so.  She has asserted only that her interests are better served and creditors are not prejudiced.  Dismissal under § 350(a) is not appropriate.

IT IS ORDERED that Mary A. Fulton's motion to dismiss her chapter 7 case is denied.

DATED AND ENTERED  <u>March 20, 2006</u>

William L. Edmonds, Bankruptcy Judge